J-A07010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| LOUISE A. CARAFA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK N. CARAFA | : | |
| | : | |
| Appellant | : | No. 2117 EDA 2022 |

Appeal from the Order Entered August 4, 2022
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2009-015174

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED MAY 10, 2023**

Appellant, Frank N. Carafa ("Husband"), appeals the August 4, 2022[1] order entered in the Delaware County Court of Common Pleas that dismissed his July 9, 2022 Motion for Change of Venue pursuant to Pa.R.A.P. 1701(a)[2] for lack of jurisdiction due to a pending appeal before this Court.  Upon review, we dismiss this appeal due to the substantial defects in Husband's appellate brief.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  Briefly, Husband and Appellee, Louise A. Carafa ("Wife"), have been involved in highly contentious divorce proceedings since 2009 when

_____

[1] The order is dated August 3, 2022, but the court did not docket the order until August 4, 2022.

[2] Pa.R.A.P. 1701(a) provides: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."

the parties separated after thirty-five years of marriage, and Wife filed a divorce complaint. The trial court entered an equitable distribution order on November 16, 2016, and a final divorce decree on June 27, 2017. On April 10, 2019, Wife filed a Petition to Distribute the Marital Estate and, on June 26, 2019, the court entered an Agreed Order for Distribution.

On April 8, 2021, Husband filed a serial Petition for Special Relief contesting the equitable distribution order. After a hearing, the trial court denied Husband's petition and Husband timely appealed. Notwithstanding his appeal, on July 29, 2022, Husband filed the instant Motion for Change of Venue. On August 4, 2022, the court dismissed the petition for lack of jurisdiction pursuant to Rule 1701(a). Husband timely appealed.

As stated above, Husband's brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2140 and we are, therefore, unable to conduct meaningful appellate review of the multiple issues that he raises.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). ***See*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate

briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. **Commonwealth v. Johnson**, 985 A.2d 915, 925 (Pa. 2009).

The substantial defects in Husband's brief to this court preclude meaningful appellate review. Husband includes a "Statement of the Scope and Standard of Review" that is both incorrect and unsupported by citation to legal authority. Husband's Br. at 6. In his "Statement of the Case" section, Husband fails to include any citations to the voluminous record, that spans well over ten years, as required by Pa.R.A.P. 2117(4). Finally, Husband has failed to include a summary of argument section as required by Pa.R.A.P. 2118.

Most fatal to our review, Husband has failed to address each of the three issues he raises as required by Pa.R.A.P. 2119(a). Section 2119 provides,

*inter alia*, that each issue raised should be addressed in the argument section under its own heading with discussion of relevant law as it pertains to the issues raised in the appeal. ***Id.*** Husband failed to do this and, instead, his "Argument" section consists of four short paragraphs with no headings, no citations to the record, and no analysis of the facts and law as they relate to the issues he has raised and the boilerplate legal authority he cites. ***See*** Husband's Br. at 11; ***see also*** Pa.R.A.P. 2119(a) and (b) (requiring discussion and citation of authorities that are deemed pertinent to an appellant's argument).

In sum, Husband's violations of the Rules of Appellate Procedure preclude this Court's meaningful review. We decline to scour the record and may not develop arguments on Husband's behalf. Accordingly, we are constrained to dismiss this appeal.[3]

Wife's Motion for Leave of Court to File Sur Reply Brief is granted. Appeal dismissed.

---

[3] Wife's March 8, 2023 Motion for Leave of Court to File Sur Reply Brief is granted and we accept the Sur Reply Brief filed on March 8, 2023.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/10/2023</u>